978 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ian CHRISTOPHERSON, Plaintiff-Appellant,
v.
CAPITOL INDEMNITY CORPORATION,
Defendant-Third-Party-Plaintiff-Appellee.
v.
OK CORRAL BAR, et al., Third-Party-Defendants.
 No. 91-35819.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1992.
Decided Nov. 10, 1992.
 
 Before POOLE, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court granted summary judgment to Capitol Indemnity Company, holding that Appellant Ian Christopherson had no insurable interest in the premises destroyed by fire. We affirm.
 
 THE OPTION AGREEMENT
 
 3
 The district court held the "Option Agreement," dated November 10, 1984, was effectively an option on the purchase of the liquor license and a present transfer of the lease, the personal property, and the debts associated with the bar from Christopherson to Nellie Zavarelli.
 
 
 4
 The district court was correct. The words of purchase, sale, and contemporaneous transfer leave no doubt that Nellie Zavarelli acquired more than merely an option. Conversely, the words used also indicate that Christopherson contemporaneously transferred his interest in all but the license: "[T]his agreement shall become effective immediately...." See Pollard v. City of Bozeman, 741 P.2d 776, 779 (Mont.1987) ("a contract of sale and purchase imposes ... an obligation to buy. An option confers a privilege or right to elect to buy...."). The words of the document and the circumstances attending its execution and performance detailed by the district court amply support the district court's conclusion.
 
 THE LIQUOR LICENSE
 
 5
 Christopherson's undisputed interest in the liquor license does not equate to an interest in the business. "Such liquor license does not run with the business conducted under the privilege it grants and is not an asset of it. It is neither 'lands,' 'buildings,' 'improvements,' nor 'stock and fixtures.' " Sullivan v. Marsh, 225 P.2d 868, 874 (Mont.1950) (quoting Light v. Zeiter, 219 P.2d 295, 302 (Mont.1950)).
 
 
 6
 Christopherson's principal argument is that ownership of the liquor license made him the owner of the entire bar business. This is not, and has not been, the law of Montana. As owner of the personal property and the lease, Nellie acquired no interest in the license. Feurherm & Neiss v. Schmaing, 592 P.2d 924 (Mont.1979). As noted above, the interest in the liquor license does not run with the personal property associated with its use, nor has Christopherson given us Montana authority that convinces us that the converse is true; i.e., the owner of the license necessarily owns the entirety of the bar business simply by virtue of the ownership of the license.
 
 
 7
 Christopherson has not persuaded us that the absence of Nellie's name on the license as a person having a financial interest in the business operated to forfeit her interest to Christopherson. Montana law, like that of most states, abhors a forfeiture. Roberts v. Morin, 645 P.2d 423, 426 (Mont.1982) (" 'The rule as it has found expression in court decisions generally is that both in law and in equity forfeitures are abhorred.' " (quoting Yellowstone County v. Wight, 145 P.2d 516, 518 (Mont.1943)). As a licensed attorney in Montana and the holder of the liquor license, Christopherson was in at least as good a position as Nellie to ensure that the contract complied with Montana law.
 
 
 8
 Christopherson also argues that the contract was unlawful and therefore void. However, even if the contract is illegal, the Montana Supreme Court has left the parties in their respective positions in such cases. McPartin v. Fransen, 648 P.2d 729, 730-31 (Mont.1982). We do not believe this contract was void as illegal, but even if it were, leaving the parties where they are now is an appropriate remedy.
 
 
 9
 The regulatory authorities of the State of Montana have imposed a fine for the failure of the parties to include all the names of all interested parties on the license. This is a sufficient vindication of the State's interest, and it is thus not necessary to give Christopherson a windfall for an omission for which he was at least as responsible as the other parties.
 
 THE NAMED INSURED
 
 10
 Christopherson gains nothing from having his name included on the insurance policy. When his name and others were added, the insurance company also added the qualifying phrase: "[A]s thier [sic] interest may appear." Because Christopherson failed to demonstrate that he had any interest in the insured premises, the insurance company did not breach its obligations under the policy by not paying any of the proceeds to Christopherson.
 
 THE LEASE
 
 11
 As stated above, the Option Agreement transferred Christopherson's interest in the lease to Nellie. His argument that the lessor's initial election to rebuild was binding is not convincing. Even assuming he had the right to accept the election, Christopherson did not do so. He specifically rejected the decision to rebuild in his letter of September 30, 1986, as he had previously done with respect to the lease itself in his letter of September 23, 1986.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3